

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN          AUSTIN 11, TEXAS

Honorable C. W. Norrid
County Attorney
Briscoe County
Silverton, Texas

Dear Sir:

Opinion No. O-1509
Re: Construction of Article 2824, V.C.S.
as it relates to the authority of the
commissioners' court to invest proceeds
from sale of land belonging to permanent
school fund.

Your letter of recent date requesting the opinion of this department on the above stated matter has been received. The pertinent facts stated in your letter are as follows:

"The commissioners' court of Briscoe County has heretofore sold the land belonging to its Permanent School Fund. As a part of the proceeds from the sale of said land, the commissioners' court holds certain notes secured by a vendor's lien on the lands sold in the aggregate of $106,272.00.

"The commissioners' court desires to invest the proceeds from the sale of said lands in the bonds of counties situated in the State of Texas, or independent or common school districts, road precincts, cities or towns situated in the State of Texas, as apparently authorized by Article 2824, Revised Civil Statutes of Texas.

"The county has an opportunity at this time to acquire eligible bonds acceptable to it in the amount of $106,272.00 by the transfer of said vendor's lien notes in a like amount.

"The commissioners' court would like to take this action which it considers to be for the best interest of the Permanent School Fund of the county, but would like to have an expression from the Attorney General as to whether there is any legal inhibitions against such action."

Section 6 of Article VII of the Texas Constitution reads as follows:

"All lands heretofore, or hereafter gratnted to the several counties of this State for educational purposes, are of right the property of said counties respectively, to which they were granted, and title thereto is vested in said counties, and no adverse possession or limitation shall ever be available against the title of any county. Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the commissioners' court of the county. Actual settlers residing on said lands shall be protected

in the prior right of purchasing the same to the extent of their settlement, not to exceed one hundred and sixty acres, at the price fixed by said court, which price shall not include the value of existing improvements made thereon by such settlers. Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; the interest thereof, and other revenue, except the principal shall be available fund."

Article 2824 referred to above reads as follows:

"Each county may sell or dispose of the lands granted to it for educational purposes in such manner as may be provided by the commissioners' court of such county, and the proceeds of any such sale shall be invested in bonds of the United States, the State of Texas, the bonds of the counties of this State, and the independent or common school districts, road precinct, drainage, irrigation, navigation, and levee districts in this State and the bonds of incorporated cities and towns, and held by such county alone as a trust for the benefit of public free schools therein, only the interest thereon to be used and expended annually."

By virtue of the provisions of Section 55 of Article III of the Texas Constitution, a county is restrained from releasing or extinguishing, in whole or in part, any indebtedness, liability or obligation of any individual to such county. Under the facts stated in your inquiry, there is no attempt to release or extinguish in whole or in part any indebtedness, liability or obligation of any individual to the county. The county holds certain notes secured by a vendor's lien on the school lands sold and desires to exchange these notes for eligible bonds which proceeds of the sale of school lands may be invested by virtue of Article 2824, supra.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that there is no legal inhibition against the commissioners' court which will prevent said court from exchanging the above mentioned notes secured by a vendor's lien for eligible bonds, as provided for by Article 2824, supra, in like amounts, or to convert such notes into bonds where the proceeds of the school lands can be invested, where the amounts are the same and there is no releasing or extinguishing, in whole or in part, of any of the indebtedness evidenced by said notes.

Trusting that the foregoing fully answers your inquiry, we are

AW:AW:egw

APPROVED DEC 18, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
    BY B W B CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant